UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ANGELA ZEITLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. |
| | ) |
| PETERSEN HEALTH CARE | ) |
| MANAGEMENT, LLC, d/b/a ALEDO | ) |
| REHABILITATION & HEALTH CARE | ) |
| CENTER, | ) |
| | ) |
| Defendant | ) |

## COMPLAINT AT LAW

Plaintiff, Angela Zeitler, by and through her attorneys, KATZ NOWINSKI P.C., by the undersigned, for her Complaint at Law against the Defendant Petersen Health Care Management, LLC, d/b/a Aledo Rehabilitation & Health Care Center, states:

## COUNT I– FMLA - INTERFERENCE with FMLA ENTITLEMENT

1. Plaintiff brings Count I pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq.*

2. Angela Zeitler (hereinafter "Zeitler" or "plaintiff") is and was at all times material hereto a resident of Aledo, Mercer County, Illinois.

3. Defendant Petersen Health Care Management, LLC, d/b/a Aledo Rehabilitation & Health Care Center (hereinafter referred to as "Petersen" or "defendant") is an Illinois Limited Liability Company, with its principal place of business in Peoria, Peoria County, Illinois, which operates Aledo Rehabilitation & Health Care Center in Aledo, Mercer County, Illinois.

2

4. This court has subject matter jurisdiction pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq*, and 28 U.S.C. § 1331.

5. At all times relevant to this cause of action, defendant operated Aledo Rehabilitation & Health Care Center at which plaintiff worked in Aledo, Mercer County, Illinois, in the Central District of Illinois, and all relevant incidents from which this cause of action arose occurred in the Central District of Illinois; therefore, venue is proper.

6. Pursuant to Local Rule 40.1(F), the basis for filing in the Rock Island Division is that plaintiff worked in Mercer County, Illinois, and all relevant incidents from which this cause of action arose occurred in Mercer County, Illinois.

7. Plaintiff was employed by Petersen from approximately April, 2019 until approximately July 8 or 9, 2020, as Administrator of Aledo Rehabilitation & Health Care Center.

8. Defendant at all relevant times employed over 50 persons within a 75 mile radius and therefore is an "employer" for purposes of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").

9. Zeitler was an employee of Petersen, who, prior to June 23, 2020, had worked more than 1,250 hours of service for Petersen during the previous 12-month period and had been continuously employed by defendant for more than 12 months since the commencement of her employment in April, 2019.

10. On or about June 19, 2020, Zeitler had requested, and Petersen had verbally approved, a period of leave under the FMLA for a surgical procedure, specifically a hysterectomy.

11. On or about June 23, 2020, Zeilter had an emergency hysterectomy.

3

12. On July 1, 2020, Tina Shehorn, defendant's office manager, provided plaintiff with FMLA paperwork, which plaintiff was instructed to return within 15 days.

13. Attached as Exhibit 1 is a true and correct copy of the FMLA paperwork signed by Dr. Rhonda Freed of Medical Arts Associates in Moline, Illinois.

14. The first page of Exhibit 1 shows that the FMLA paperwork was faxed to defendant on July 13, 2020.

15. Plaintiff returned the FMLA paperwork within 15 days of July 1, 2020.

16. During her time off work after her surgery, although on leave, plaintiff continued to communicate with defendant's employees, especially Ms. Shehorn and Sasha Wilson, the interim administrator, via text and e-mail regarding work issues.

17. On or about July 3, 2020, Sasha Wilson texted plaintiff to inquire regarding and/or confirm plaintiff's return date.

18. Plaintiff responded to Wilson's text confirming that plaintiff would be returning on Monday, July 13, 2020.

19. On July 8, 2020, in the midst of working from home, including working on a project referred to as "Dashboard" and sending work-related texts at 8:40 a.m. and 8:45 a.m., Tina Shehorn sent plaintiff a text at 9:06 a.m. stating "I was told I have to mail your check."

20. The usual procedure for plaintiff was to come in to pick up her check.

21. Being told that her paycheck had to be mailed was tantamount to being told plaintiff was fired.

22. Accordingly, at 9:06 a.m. on July 8, 2020, plaintiff replied via text to Shehorn stating "Oh good lord … Why?"

4

23. Shehorn responded at 9:10 a.m. "Not sure per Sasha."

24. On July 8, 2020, plaintiff communicated to Sasha Wilson that she was planning on returning to work.

25. On July 9, 2020 at 9:41a.m., plaintiff texted Wilson the following: "Tina said my check is being mailed. Does that mean I'm being fired or something?"

26. Wilson never replied to plaintiff's text.

27. Instead, plaintiff noticed she was locked out of her work computer.

28. Tina Shehorn then instructed plaintiff to return her keys.

29. Thereafter, Wilson refused to answer plaintiff's texts.

30. Plaintiff was thereby terminated from employment by defendant on July 8 or 9, 2020.

31. The decision to terminate plaintiff was based in part on Zeitler's absences for her FMLA qualifying serious health condition, namely her emergency surgery for and recuperation from her hysterectomy, as well as her taking of FMLA leave for that FMLA qualifying serious health condition.

32. Zeitler was therefore terminated from her employment with defendant while taking leave protected under the Family and Medical Leave Act, an interference in her FMLA right to have her job protected while on medical leave.

33. Defendant later gave a false and pre-textual "stated" reason for the termination, indicating that Zeitler had allegedly quit on July 8, 2020, despite her text messages to the contrary and despite her continuing to perform work for defendant on July 8, 2020.

34. The stated reasons are false and pre-textual in that Zeitler did, in fact, continue to work from home and clearly expressed to defendant that she had not quit.

5

35. Defendant unlawfully interfered, restrained, denied, and discriminated against Plaintiff's attempt to exercise her rights to FMLA leave in one or more of the following manners in violation of 29. U.S.C. § 2615(a):

    a. Discharged the Plaintiff on or about on July 8 or 9, 2020 in violation of the FMLA;

    b. Failed to provide documentation to Plaintiff concerning her rights;

    c. Failed to provide Plaintiff with a written designation notice;

    d. Failed to provide Plaintiff with protected leave when defendant knew of Plaintiff's medical issues; and

    e. Terminated Plaintiff because of her serious health condition(s).

36. As a proximate result of defendant's violation(s) of the FMLA, plaintiff is entitled to and seeks recovery of damages under 29 U.S.C. § 2617(a) equal to the amount of back wages that she lost from July 9, 2020 through the date of trial, an additional amount equal to the lost employment benefits including pension, retirement payments and health insurance coverage payments, interest on all amounts at the prevailing rate, liquidated damages equal to the amount of lost wages, salaries, employment benefits, and other compensatory damages and interest on that amount.

37. Pursuant to 29 U.S.C. § 2617(a)(3), Zeitler is entitled to and seeks recovery of reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action.

38. Pursuant to 29 U.S.C. § 2617, Zeitler is entitled to and seeks equitable relief in the nature of reinstatement and/or front pay.

6

WHEREFORE, Plaintiff Angela Zeitler hereby requests this court enter judgment in her favor and against Defendant Petersen Home Centers, LLC, in a just and reasonable amount for compensatory and liquidated damages, plus the costs of the action, and an amount equal to reasonable attorneys' fees and expert witness fees, and grant such other and further equitable relief as the court deems necessary and appropriate.

## COUNT II – FMLA RETALIATION

1. Plaintiff brings Count I pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq.*

2. Angela Zeitler (hereinafter "Zeitler" or "plaintiff") is and was at all times material hereto a resident of Aledo, Mercer County, Illinois.

3. Defendant Petersen Health Care Management, LLC, d/b/a Aledo Rehabilitation & Health Care Center (hereinafter referred to as "Petersen" or "defendant") is an Illinois Limited Liability Company, with its principal place of business in Peoria, Peoria County, Illinois, which operates Aledo Rehabilitation & Health Care Center in Aledo, Mercer County, Illinois.

4. This court has subject matter jurisdiction pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq*, and 28 U.S.C. § 1331.

5. At all times relevant to this cause of action, defendant operated Aledo Rehabilitation & Health Care Center at which plaintiff worked in Aledo, Mercer County, Illinois, in the Central District of Illinois, and all relevant incidents from which this cause of action arose occurred in the Central District of Illinois; therefore, venue is proper.

7

6. Pursuant to Local Rule 40.1(F), the basis for filing in the Rock Island Division is that plaintiff worked in Mercer County, Illinois, and all relevant incidents from which this cause of action arose occurred in Mercer County, Illinois.

7. Plaintiff was employed by Petersen from approximately April, 2019 until approximately July 8 or 9, 2020, as Administrator of Aledo Rehabilitation & Health Care Center.

8. Defendant at all relevant times employed over 50 persons within a 75 mile radius and therefore is an "employer" for purposes of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").

9. Zeitler was an employee of Petersen, who, prior to June 23, 2020, had worked more than 1,250 hours of service for Petersen during the previous 12-month period and had been continuously employed by defendant for more than 12 months since the commencement of her employment in April, 2019.

10. On or about June 19, 2020, Zeitler had requested, and Petersen had verbally approved, a period of leave under the FMLA for a surgical procedure, specifically a hysterectomy.

11. On or about June 23, 2020, Zeilter had an emergency hysterectomy.

12. On July 1, 2020, Tina Shehorn, defendant's office manager, provided plaintiff with FMLA paperwork, which plaintiff was instructed to return within 15 days.

13. Attached as Exhibit 1 is a true and correct copy of the FMLA paperwork signed by Dr. Rhonda Freed of Medical Arts Associates in Moline, Illinois.

8

14. The first page of Exhibit 1 shows that the FMLA paperwork was faxed to defendant on July 13, 2020.

15. Plaintiff returned the FMLA paperwork within 15 days of July 1, 2020.

16. During her time off work after her surgery, although on leave, plaintiff continued to communicate with defendant's employees, especially Ms. Shehorn and Sasha Wilson, the interim administrator, via text and e-mail regarding work issues.

17. On or about July 3, 2020, Sasha Wilson texted plaintiff to inquire regarding and/or confirm plaintiff's return date.

18. Plaintiff responded to Wilson's text confirming that plaintiff would be returning on Monday, July 13, 2020.

19. On July 8, 2020, in the midst of working from home, including working on a project referred to as "Dashboard" and sending work-related texts at 8:40 a.m. and 8:45 a.m., Tina Shehorn sent plaintiff a text at 9:06 a.m. stating "I was told I have to mail your check."

20. The usual procedure for plaintiff was to come in to pick up her check.

21. Being told that her paycheck had to be mailed was tantamount to being told plaintiff was fired.

22. Accordingly, at 9:06 a.m. on July 8, 2020, plaintiff replied via text to Shehorn stating "Oh good lord … Why?"

23. Shehorn responded at 9:10 a.m. "Not sure per Sasha."

24. On July 8, 2020, plaintiff communicated to Sasha Wilson that she was planning on returning to work.

9

25. On July 9, 2020 at 9:41a.m., plaintiff texted Wilson the following: "Tina said my check is being mailed. Does that mean I'm being fired or something?"

26. Wilson never replied to plaintiff's text.

27. Instead, plaintiff noticed she was locked out of her work computer.

28. Tina Shehorn then instructed plaintiff to return her keys.

29. Thereafter, Wilson refused to answer plaintiff's texts.

30. Plaintiff was thereby terminated from employment by defendant on July 8 or 9, 2020.

31. The decision to terminate plaintiff was based in part in retaliation for Zeitler's absences for her FMLA qualifying serious health condition, namely her emergency surgery for and recuperation from her hysterectomy, as well as her taking of FMLA leave for that FMLA qualifying serious health condition.

32. Zeitler was therefore terminated from her employment with defendant in retaliation for taking leave protected under the Family and Medical Leave Act.

33. Defendant later gave a false and pre-textual "stated" reason for the termination, indicating that Zeitler had allegedly quit on July 8, 2020, despite her text messages to the contrary and despite her continuing to perform work for defendant on July 8, 2020.

34. The stated reasons are false and pre-textual in that Zeitler did, in fact, continue to work from home and clearly expressed to defendant that she had not quit.

35. Defendant retaliated against Zeitler for exercising or attempting to exercise her rights under the Family and Medical Leave Act.

10

36. Defendant unlawfully discriminated and retaliated against Plaintiff's attempt to exercise her rights to FMLA leave in violation of 29 U.S.C. § 2615(a) by discharging the Plaintiff on July 8 or 9, 2020, because of her serious health conditions and time off work in violation of the FMLA.

37. As a proximate result of defendant's violation(s) of the FMLA, plaintiff is entitled to and seeks recovery of damages under 29 U.S.C. § 2617(a) equal to the amount of back wages that she lost from July 9, 2020 through the date of trial, an additional amount equal to the lost employment benefits including pension, retirement payments and health insurance coverage payments, interest on all amounts at the prevailing rate, liquidated damages equal to the amount of lost wages, salaries, employment benefits, and other compensatory damages and interest on that amount.

38. Pursuant to 29 U.S.C. § 2617(a)(3), Zeitler is entitled to and seeks recovery of reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action.

39. Pursuant to 29 U.S.C. § 2617, Zeitler is entitled to and seeks equitable relief in the nature of reinstatement and/or front pay.

WHEREFORE, Plaintiff Angela Zeitler hereby requests this court enter judgment in her favor and against Defendant Petersen Home Centers, LLC, in a just and reasonable amount for compensatory and liquidated damages, plus the costs of the action, and an amount equal to reasonable attorneys' fees and expert witness fees, and grant such other and further equitable relief as the court deems necessary and appropriate.

11

**PLAINTIFF DEMANDS A JURY TRIAL**

                ANGELA ZEITLER, Plaintiff

          By:  /s/ John F. Doak
                John F. Doak (ARDC# 6204122)

For:
KATZ NOWINSKI P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
Moline, IL 61265-7126
Telephone:  309-797-3000
Fax:  309-797-2167
Email:  jdoak@katzlawfirm.com